**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4092**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MICHAEL HALL,

Defendant - Appellant.

_____

**No. 24-4093**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MICHAEL HALL, a/k/a Big Mike,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Donald C. Coggins, Jr., District Judge.  (7:11-cr-02025-DCC-1; 7:23-cr-00155-DCC-1)

_____

Submitted:  October 10, 2024                           Decided:  October 16, 2024

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————————

No. 24-4092, affirmed; No. 24-4093, affirmed in part and dismissed in part  by unpublished per curiam opinion.

———————————————

**ON BRIEF:** Christopher R. Geel, GEEL & GENTRY, LLC, Charleston, South Carolina, for Appellant.  Christopher Braden Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Michael Hall pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Hall to 210 months' imprisonment, a downward variance from his Sentencing Guidelines range. The district court also revoked Hall's supervised release term for a prior conviction and imposed a consecutive 30-month revocation sentence. In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hall's sentences are reasonable. In his pro se supplemental brief, Hall argues that the district court incorrectly applied a three-level upward adjustment for his managerial role in the drug trafficking conspiracy. *See* U.S. Sentencing Guidelines Manual § 3B1.1(b) (2023).

In No. 24-4092, Hall challenges the reasonableness of his revocation sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal

3

quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Slappy*, 872 F.3d at 207 (footnotes omitted). A district court imposes a substantively reasonable sentence when "the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range "is presumed reasonable." *Id.* (internal quotation marks omitted).

We conclude that Hall's within-range revocation sentence is both procedurally and substantively reasonable. The district court correctly calculated Hall's advisory policy statement range and provided a thorough explanation for the sentence, meaningfully responding to Hall's arguments for a lesser sentence and emphasizing his breach of the court's trust. *See* USSG ch. 7, pt. A(3)(b), p.s. (providing that "the court should sanction primarily the defendant's breach of trust").

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues. Accordingly, we affirm the district court's revocation judgment.

In No. 24-4093, Hall challenges the reasonableness of his 210-month sentence for his new criminal conduct. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Hall's plea agreement.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that Hall knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Hall raise fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Hall's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Hall, in writing, of the right to petition the Supreme Court of the United States for further review. If Hall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hall. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 24-4092, AFFIRMED;*
*No. 24-4093, AFFIRMED IN PART, DISMISSED IN PART*